The undersigned have reviewed the Award based upon the record of the proceedings before the deputy commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon much detailed reconsideration of the evidence as a whole, the undersigned reach the same facts and conclusions as those reached by the deputy commissioner, with some modification. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and the ultimate award.
Accordingly, the Full Commission find as fact and conclude as matters of law the following, which were entered into by the parties at the initial hearing as
 STIPULATIONS
1. On April 13, 1994, the parties were bound by and subject to the North Carolina Workers' Compensation Act.
2. On said date, the employer-employee relationship existed between the parties.
3. As of said date, the defendant was a duly qualified self-insurer under the provisions of the North Carolina Workers' Compensation Act.
4. The alleged injury giving rise to the plaintiff's claim occurred on April 13, 1994.
5. On said date the plaintiff was earning an average weekly wage of $485.98.
6. That the issues to be determined in this case are:
 a. Did the plaintiff sustain an injury by accident arising out of and in the course of her employment with the defendant on April 13, 1994; and,
 b. If so, are the injuries of which the plaintiff complains caused by the said accident; and,
 c. If so, to what compensation is the plaintiff entitled under the Act.
7. The parties further stipulate into evidence approximately 28 pages of medical records, only as to the authenticity thereof, the deposition of Dr. Michael Hunsucker dated April 11, 1995 and the deposition of Dr. Rhyne dated April 5, 1995.
8. The plaintiff began working for the defendant December 27, 1989, and last worked for the said defendant April 14, 1994.
9. The plaintiff lost time from work from April 15, 1994 to November 6, 1994.
10. The plaintiff has been treated medically by Dr. Michael Hunsucker from April 14, 1994 to April 25, 1994 and by Dr. Alfred Rhyne from April 25, 1994 to the initial hearing date and being last seen March 22, 1995.
At the initial hearing on April 25, 1995, the parties introduced the following exhibits:
1. Plaintiff's Exhibit 1, marked P1, consisting of log of pay checks.
2. Plaintiff's Exhibit 2, marked P2, consisting of a list of employers to whom the plaintiff applied for work, which is stipulated.
3. Defendant's Exhibit 1, marked D1, consisting of a Work Evaluation Form.
4. Defendant's Exhibit 2, marked D2, consisting of a letter dated May 17, 1994.
Subsequent to the initial hearing on April 24, 1995, the parties entered the following documentation into the record which have been considered by the undersigned in ruling in this matter and with respect to which all Motions and Objections have been duly considered under the applicable law and rules of evidence:
1. Deposition of George Davis dated June 6, 1995.
2. Deposition of Elizabeth Gail Ross dated April 12, 1996.
 **********
Based upon all of the competent, credible, and convincing evidence in the record, the undersigned make the following additional
 FINDINGS OF FACT
1. On April 13, 1994, the plaintiff, 43 years of age and who had been working for the defendant since approximately 1989, was employed by the defendant as a store manager.
2. On April 13, 1994, while the plaintiff was engaged in the duties of her employment and was obtaining records from a paper safe, and as she was straightening up from a leaning position, several boxes of fluorescent lights approximately eight feet in length fell on her back. This caused her to lose her balance, twist her back, and fall to the floor of the defendant's premises. This further resulted in pain to her lower back and left leg, although she continued to perform her work duties through April 14, 1994.
3. Prior to April 13, 1994, in 1986, the plaintiff had experienced a low back injury which was not work related but which resulted in a surgical procedure to her back at L4-5, medically described as a Steffee fusion. From that injury and resulting surgery she sustained a 35 percent disability to her back.
4. Prior to the incident on April 13, 1994, the plaintiff had been medically treated by a chiropractor for primarily cervical problems and also low back discomfort with no left leg pain.
5. Subsequent to the incident on April 13, 1994, the plaintiff began to experience not only low back discomfort, but also pain to her left leg for which she sought further medical treatment from an orthopedic medical provider beginning April 25, 1994. This treatment continued until about March 22, 1995.
6. During the course of plaintiff's medical treatment subsequent to April 13, 1994, it has been medically opined and diagnosed, all of which the undersigned find as facts, as follows:
 a. That on April 13, 1994, the plaintiff was suffering from a pre-existing 35 percent disability of her back, which was exacerbated by the incident of April 13, 1994.
 b. That the plaintiff, as the result of the April 13, 1994 incident, is suffering from left leg radiculopathy, of which radicular pain is objectively substantiated by the findings of a myelogram testing indicating that the L5 nerve root had suboptimal filling.
 c. That the plaintiff has sustained an additional five percent disability of her back as the result of said radiculopathy.
7. On April 13, 1994, the plaintiff sustained an injury by accident, arising out of and in the course of the employment with the defendant, to her low back with radiculopathy extending into the left leg.
8. The plaintiff reached maximum medical improvement on October 24, 1994, when it was medically determined that the plaintiff could return to work without restrictions as a store manager and that plaintiff sustained an additional five percent disability of her back as a result of the incident of April 13, 1994.
9. The plaintiff lost time from work as a result of the injury of April 13, 1994 from April 15, 1994 to October 24, 1994.
10. The plaintiff was earning an average weekly wage of $485.98 on April 13, 1994.
 **********
The foregoing findings of fact and conclusions of law engender the following additional
 CONCLUSIONS OF LAW
1. On April 13, 1994, the plaintiff sustained an injury by accident, arising out of and in the course of the employment with the defendant, to her low back with radiculopathy extending into the left leg.
2. The plaintiff is entitled to temporary total disability compensation benefits from April 15, 1994 to October 24, 1994 at the rate of $323.99 per week.
3. The plaintiff is entitled to permanent partial disability compensation benefits for 15 weeks at the rate of $323.99 per week commencing October 24, 1994. G.S. § 91-31(23). In the alternative, pursuant to G.S. § 97-30, if plaintiff has suffered a diminution in wage-earning capacity to the extent that it exceeds the amount due and payable under G.S. § 97-31(23), the plaintiff may make election of the more favorable remedy.
4. Considering all the competent and convincing evidence, in particular that which is material, the undersigned are of the opinion and conclude as a matter of law that the facts found in this Opinion and Award and the conclusions herein made are credible in the sense that they are believable, plausible and probable.
 **********
Based upon the foregoing findings of fact and conclusions of law, the undersigned enter the following
 AWARD
1. The defendant shall pay to the plaintiff in one lump sum temporary total disability compensation benefits from April 15, 1994 to October 24, 1994 at the rate of $323.99 per week, less the attorney fee hereinafter provided.
2. The defendant shall pay to the plaintiff permanent partial disability compensation benefits for 15 weeks at the rate of $323.99 per week commencing October 24, 1994, less the attorney fee hereinafter provided. Should election of G.S. § 97-30
temporary partial disability benefits be desired, the plaintiff shall contact the undersigned within thirty days with documentation and earning records to assert this election.
3. The defendant shall pay all medical expenses resulting from said injury up to the date of the initial Opinion and Award and no further when the same have been approved as by law provided.
4. An attorney fee of 25 percent of the compensation herein allowed is hereby approved and awarded to Martha L. Ramsay for her services to the plaintiff, to be deducted from the compensation above-provided and paid directly to the attorney.
5. The defendant shall pay the costs including the cost of depositions.
This case is ordered removed from the Full Commission hearing docket.
This the __________ day of ___________. 1998.
 S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING: S/ _____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/ _____________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/kws